# EXHIBIT B

GREENBERG TRAURIG, LLP
David D. Cleary, AZ SBN 011826
clearyd@gtlaw.com
2375 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: 602-445-8000
Facsimile: 602-445-8100

*Attorney for Debtors and Debtors-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br>Prime Time International Company, an Arizona corporation, *et al.*,<br><br>Debtors and Debtors-in-Possession.<br><br>This filing applies to:<br>☒ All Debtors<br>☐ Specified Debtors | Case No. 2:14-bk-03518 (MCW)<br>Chapter 11<br>(Jointly Administered)<br><br>**ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 365 AND FED. R. BANKR. P. 2002, 6004 AND 6006 AUTHORIZING AND APPROVING (A) THE SALE OF ASSETS FREE AND CLEAR OF LIENS AND OTHER INTERESTS AND (B) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO SUCCESSFUL BIDDER(S) AT AUCTION**<br><br>Hearing Date: Not Yet Set<br>Hearing Time: Not Yet Set |

Upon the motion (the **"Motion"**)[1] of the above-captioned debtors (the **"Debtors"** or **"Seller"**) for an order, under Bankruptcy Code sections 105(a), 363 and 365 and Bankruptcy Rules 2002, 6004 and 6006, authorizing and approving the proposed sale of substantially all of the assets (the **"Assets"**) of the Debtors to Prime Time International Acquisition, LLC (the "**Buyer**"), pursuant to that certain Asset Purchase Agreement, dated September 24, 2014, a copy

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Agreement, as applicable.

ЧX 331238546v1

of which is attached hereto as Exhibit A (the **"Agreement"**); the Court having considered the Motion and the Agreement, objections thereto, the statements of counsel and any testimony or offer of proof as to testimony on the record at the hearing on [_____] (the **"Sale Hearing"**), at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their bankruptcy estates, their creditors and other parties-in-interest; and after due deliberation and good cause appearing therefor;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:[2]

A. **Jurisdiction and Venue**. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. **Statutory Predicates**. The statutory predicates for the relief sought in the Motion are Bankruptcy Code sections 105(a), 363 and 365 and Bankruptcy Rules 2002, 6004 and 6006.

C. **Notice**. As evidenced by the affidavits of service filed with this Court and based upon the representations of counsel at the Sale Hearing: (i) due, proper, timely, adequate and sufficient notice of the Motion, the Auction, the Sale Hearing and the transactions set forth in the Agreement (the **"Transaction"**), including the assumption and assignment of the Assigned Contracts and Cure Amounts with respect thereto, has been provided in accordance with Bankruptcy Code sections 105(a), 363 and 365 and Bankruptcy Rules 2002, 6004 and 6006; (ii) it appearing that no other or further notice need be provided; (iii) such notice was and is good, sufficient and appropriate under the circumstances; and (iv) no other or further notice of the Motion, the Auction, the Sale Hearing or the Transaction (including the assumption and assignment of the Assigned Contracts), is or shall be required.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Bankruptcy Rule 7052.

-2-

PHX 331238546v1

D.  **Opportunity to Object**.  A reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein has been given, in light of the circumstances, to all interested persons and entities, including the following: (a) the U.S. Trustee; (b) all parties known to be asserting a lien on any of the Assets; (c) all known vendors, suppliers, customers, lenders, contract, license and lease counterparties; (d) all entities known to have expressed an interest in acquiring any of the Assets; (e) the United States Attorney's office; (f) all state attorney generals in states in which the Debtors do business; (g) various federal and state agencies and authorities asserting jurisdiction over the Assets, including the Internal Revenue Service; (h) the Buyer and its counsel; (i) all other parties that have filed a notice of appearance and demand for service of papers in the Debtors' chapter 11 cases under Bankruptcy Rule 2002 as of the date of filing the Motion; (j) all regulatory authorities having jurisdiction over the Debtors; and (k) all known creditors of the Debtors.  A reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein has been given.

E.  **Corporate Authority**.  (i) The Debtors have full corporate power and authority to execute the Agreement and all other documents contemplated thereby and the Debtors' sale of the Assets has been duly and validly authorized by all necessary corporate action, (ii) the Debtors have all of the corporate power and authority necessary to consummate the transactions contemplated by the Agreement, (iii) the Debtors have taken all corporate action necessary to authorize and approve the Agreement and the consummation of the transactions contemplated thereby, and (iv) no consents or approvals, other than those expressly provided for in the Agreement, are required for the Debtors to consummate such transactions.

F.  **Sale in Best Interests**.  Good and sufficient reasons for approval of the Agreement and the Transaction have been articulated, and the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

-3-

G. **Business Justification**. The Debtors have demonstrated both (i) good, sufficient and sound business purposes and justifications and (ii) compelling circumstances for the Transaction other than in the ordinary course of business under Bankruptcy Code section 363(b) before, and outside of, a plan of reorganization in that, among other things, the immediate consummation of the Transaction with the Buyer is necessary and appropriate to maximize the value of the Debtors' estates. Entry of an order approving the Agreement and all the provisions thereof is a necessary condition precedent to the Buyer consummating the transactions set forth in the Agreement.

H. **Arm's-Length Sale**. The Agreement was negotiated, proposed and entered into by the Debtors and the Buyer without collusion, in good faith and from arm's-length bargaining positions. The Buyer is not an "insider" of any of the Debtors, as that term is defined in Bankruptcy Code section 101(31). Neither any of the Debtors, nor the Buyer has engaged in any conduct that would cause or permit the Agreement to be avoided under Bankruptcy Code section 363(n). Specifically, the Buyer has not acted in a collusive manner with any person and the purchase price was not controlled by any agreement among bidders.

I. **Good-Faith Buyer**. The Buyer is a good-faith purchaser of the Assets within the meaning of Bankruptcy Code section 363(m) and, is therefore entitled to all of the protections afforded thereby. The Buyer has proceeded in good faith in all respects in connection with this proceeding in that: (a) Buyer recognized that the Debtors were free to deal with any other party interested in acquiring the Assets; (b) Buyer complied with the provisions in the Bidding Procedures Order; (c) Buyer agreed to subject its bid to the competitive bidding procedures set forth in the Bidding Procedures Order dated _____, 2014; and (d) all payments to be made by the Buyer and other agreements or arrangements entered into by the Buyer in connection with the Transaction have been disclosed.

-4-

J.  **Highest and Best Offer.**  The Debtors conducted the Auction in accordance with, and have otherwise complied in all material respects with, the Bidding Procedures Order.  The Auction established in the Bidding Procedures Order afforded a full, fair and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Assets.  The Auction was duly noticed and conducted in a non-collusive, fair and good faith manner and a reasonable opportunity was given to any interested party to make a higher and better offer for the Assets.  The Agreement constitutes the highest and best offer for the Assets.  The Debtors' determination that the Agreement constitutes the highest and best offer for the Assets is a valid and sound exercise of their fiduciary duty and constitutes a valid and sound exercise of the Debtors' business judgment.

K.  **Consideration.**  The consideration constitutes reasonably equivalent value or fair consideration, as the case may be (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and section 548 of the Bankruptcy Code), and fair consideration under the Bankruptcy Code.  The Agreement represents a fair and reasonable offer to purchase the Assets under the circumstances of these chapter 11 cases.  No other person or entity or group of entities, other than the Buyer, has offered to purchase the Assets for an amount that would give greater economic value to the Debtors' estates.  Approval of the Motion and the Agreement and the consummation of the transactions contemplated thereby are in the best interests of the Debtors, their creditors, their estates and all other parties in interest.

L.  **Free and Clear**.  The Debtors are the sole and lawful owner of the Assets, or have a valid, enforceable property interest in such assets.  The transfer of the Assets to the Buyer under the Agreement will be a legal, valid, and effective transfer of the Assets, and vests or will vest the Buyer with all right, title, and interest of the Debtors to the Assets free and clear of all liens, claims (as defined in section 101(5) of the Bankruptcy Code), encumbrances, obligations, liabilities, contractual commitments or interests of any kind or nature whatsoever (collectively,

-5-

the **"Interests"**) other than the Assumed Liabilities, including, but not limited to, (i) those that purport to give to any party a right or option to effect any forfeiture, modification or termination of the Debtors' interests in the Assets, or any similar rights and (ii) those relating to taxes arising under or out of, in connection with, or in any way relating to the operation of the Debtors' business prior to the Closing Date. For avoidance of doubt, all Interests other than the Assumed Liabilities shall attach to the cash proceeds received by the Debtors ultimately attributable to the property against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Assets or their proceeds, if any, subject to any rights, claims and defenses the Debtors or their estates, as applicable, may possess with respect thereto.

M. The Debtors may sell the Assets free and clear of any Interests of any kind or nature whatsoever because in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Each entity with an Interest in the Assets to be transferred on the Closing Date: (i) has, subject to the terms and conditions of this Order, consented to the Transaction or is deemed to have consented to the Transaction; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Interest; or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code. Those holders of Interests who did not object to the Motion are deemed, subject to the terms of this Order, to have consented pursuant to Bankruptcy Code section 363(f)(2). All holders of Interests are adequately protected by having their Interests attach to the cash proceeds received by the Debtors that are ultimately attributable to the property against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Assets or their proceeds, if any, subject to any rights, claims and defenses the Debtors or their estates, as applicable, may possess with respect thereto.

*PHX 331238546v1*

N. **No Fraudulent Transfer**. The Agreement was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia. No Debtor nor the Buyer is entering into the transactions contemplated by the Agreement fraudulently.

O. **Not a Successor**. Buyer (a) is not a successor to the Debtors, (b) has not, de facto or otherwise, merged with or into the Debtors, (c) is not a continuation or substantial continuation of the Debtors or any enterprise of the Debtors, (d) does not have a common identity of incorporators, directors or equity holders with the Debtors, and (e) is not holding itself out to the public as a continuation of the Debtors. The (i) transfer of the Assets to Buyer and (ii) assumption and assignment to Buyer of the Assigned Contracts, do not and will not subject Buyer to any liability whatsoever with respect to the operation of the Debtors' business before the Closing Date or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of equitable law, including, without limitation, any theory of antitrust or successor or transferee liability and, except as otherwise contained herein, in connection with any carve-out provided for in financing or cash collateral orders, or in the Agreement, Buyer shall not have any liability to any broker or other professionals retained by the Debtors or to cure any default of the Debtors related to the Assets or Assigned Contracts.

P. **Cure/Adequate Assurance**. The assumption and assignment of the Assigned Contracts pursuant to the terms of this Order is integral to the Agreement and is in the best interests of the Debtors and their estates, creditors and all other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtors. The Buyer has (i) to the extent necessary, cured or provided adequate assurance of cure, of any default existing prior to the date hereof with respect to the Assigned Contracts, within the meaning of 11 U.S.C.

-7-

§§ 365(b)(1)(A) and 365(f)(2)(A), and (ii) to the extent necessary, provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof with respect to the Assigned Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(B) and 365(f)(2)(A). The Buyer's promise to perform the obligations under the Assigned Contracts after the Closing Date shall constitute adequate assurance of future performance within the meaning of 11 U.S.C. §§ 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B).

Q. **Prompt Consummation**. The Transaction must be approved and consummated promptly in order to preserve the viability of the Debtors' business as a going concern, to maximize the value of the Debtors' estates. Time is of the essence in consummating the Transaction.

R. **Personally Identifiable Information**. The Transaction may include the transfer of Personally Identifiable Information, as defined in Bankruptcy Code section 101(41A). No Consumer Privacy Ombudsman need be appointed under Code section 363(b)(1) because Buyer has agreed to adhere to any privacy policies applicable to the Debtors.

NOW, THEREFORE, IT IS ORDERED THAT:

1. **Motion is Granted**. The Motion and the relief requested therein is GRANTED and APPROVED, as set forth herein.

2. **Objections Overruled**. Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice.

3. **Approval**. The Agreement is hereby approved. The Debtors are hereby authorized to (a) execute the Agreement, along with any additional instruments or documents that may be reasonably necessary or appropriate to implement the Agreement, provided that such

-8-

*PHX 331238546v1*

additional documents do not materially change its terms; (b) consummate the Transaction in accordance with the terms and conditions of the Agreement and the instruments to the Agreement contemplated thereby; and (c) take all other and further actions as may be reasonably necessary to implement the transactions contemplated by the Agreement.

4. **Free and Clear**. Except as otherwise specifically provided for in the Agreement or this Order, pursuant to Bankruptcy Code sections 105(a) and 363(f), the Debtors are authorized to transfer the Assets to the Buyer and, as of the Closing Date, the Buyer shall take title to and possession of the Assets free and clear of all Interests of any kind or nature whatsoever, including but not limited to the Liens and Excluded Liabilities, with all such Interests to attach to the cash proceeds received by the Debtors that are ultimately attributable to the property against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Assets or their proceeds, if any, subject to any rights, claims and defenses the Debtors or their estates, as applicable, may possess with respect thereto.

5. **Valid Transfer**. As of the Closing Date, (a) the transactions contemplated by the Agreement effect a legal, valid, enforceable and effective sale and transfer of the Assets to Buyer, and shall vest Buyer with title to such assets free and clear of all Liens and Excluded Liabilities and (b) this Agreement and the transactions and instruments contemplated hereby shall be enforceable against and binding upon Buyer and Seller, and not subject to rejection or avoidance by the Debtors or any chapter 11 or chapter 7 trustee of the Debtors and their estates.

6. **General Assignment**. On the Closing Date, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer to Buyer of the Debtors' interests in the Assets. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents

-9-

and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

7. **Injunction.** Except as expressly permitted by the Agreement or by this Order, all persons and entities, including, but not limited to, the Debtors' employees, former employees, all debt security holders, equity security holders, administrative agencies, governmental, tax and regulatory authorities, secretaries of state, federal, state and local officials, lenders, contract parties, lessors, trade creditors and all other creditors, holding Interests of any kind or nature whatsoever against or in the Debtors or in the Debtors' interests in the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, known or unknown, liquidated or unliquidated, senior or subordinated), arising under or out of, in connection with, or in any way relating to, such assets or with respect to any Interests arising out of or related to the Assets, shall be and hereby are forever barred, estopped and permanently enjoined from commencing, prosecuting or continuing in any manner any action or other proceeding of any kind against Buyer, its property, its successors and assigns, alleged or otherwise, its affiliates or such Assets. Notwithstanding the foregoing, nothing herein shall prevent (i) the Debtors from pursuing an action against the Buyer arising under the Agreement or the related documents, or (ii) any administrative agencies, governmental, tax and regulatory authorities, secretaries of state, federal, state and local officials from properly exercising their police and regulatory powers.

8. **Release of Interests**. Subject to Paragraphs 4 and 27 of this Order, this Order shall be effective as a determination that, on the Closing Date, all Interests other than the Assumed Liabilities of any kind or nature whatsoever existing as to the Assets prior to the Closing Date have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected.

*PHX 331238546v1*

9.  **Direction to Release Interests**.  On the Closing Date and subject to the Interests attaching to the cash proceeds of the Sale as provided for in Paragraphs 4 and 27 of this Order, each of the Debtors' creditors is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its Interests in the Assets, if any, as such Interests may have been recorded or may otherwise exist.

10.  **No Successor Liability**.  Neither Buyer nor its affiliates, successors or assigns shall be deemed, as a result of any action taken in connection with the purchase of the Assets, to: (a) be a successor to the Debtors or their estates; (b) have, de facto or otherwise, merged or consolidated with or into the Debtors or their estates; or (c) be a continuation or substantial continuation of the Debtors or any enterprise of the Debtors.  Except for the Assumed Obligations, the transfer of the Assets to Buyer under the Agreement shall not result in (i) Buyer, its affiliates, members, or shareholders, or the Assets, having any liability or responsibility for any claim against the Debtors or against an insider of the Debtors, (ii) Buyer, its affiliates, members, or shareholders, or the Assets, having any liability whatsoever with respect to or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any Lien or Excluded Liability, or (iii) Buyer, its affiliates, members, or shareholders, or the Assets, having any liability or responsibility to the Debtors except as is expressly set forth in the Agreement.

11.  Without limiting the effect or scope of the foregoing, the Buyer shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, any theory of antitrust, environmental, successor or transferee liability, labor law, de facto merger or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Debtors or any obligations of the Debtors arising prior to the Closing Date, including, but not limited to, liabilities on account of any taxes or other government fees,

-11-

PHX 331238546v1

Case 2:14-bk-03518-MCW    Doc 267-2    Filed 09/30/14    Entered 09/30/14 12:51:54
Desc Exhibit B    Page 12 of 20

contributions or surcharges arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Assets prior to the Closing Date, under the laws of the United States, any state, territory or possession thereof or the District of Columbia applicable to such transactions.

12. **Assumption and Assignment of Assigned Contracts**. Under 11 U.S.C. §§ 105(a) and 365, and subject to and conditioned upon the Closing of the Transaction, the Debtors' assumption and assignment of the Assigned Contracts to the Buyer free and clear of all Interests pursuant to the terms set forth in the Agreement, as modified by the terms of any amendments reached with the respective counterparty, is hereby approved, and the requirements of 11 U.S.C. §§ 365(b)(1), 365(b)(3) and 365(f)(2) with respect thereto are hereby deemed satisfied. Each counterparty to an Assigned Contract hereby is forever barred, and estopped from raising or asserting against the Debtors, or Buyer, or the property of either, any assignment fee, default, breach, claim, pecuniary loss, liability or obligation (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinate) arising under or related to the Assigned Contracts existing as of the Closing Date or arising by reason of the Closing.

13. There shall be no rent accelerations, assignment fees, increases (including advertising rates) or any other fees charged to the Buyer or the Debtors as a result of the assumption and assignment of the Assigned Contracts.

14. Any provisions in any Assigned Contract that prohibit or condition the assignment of such Assigned Contract or allow the party to such Assigned Contract to terminate, recapture, impose any penalty, condition on renewal or extension or modify any term or condition upon the assignment of such Assigned Contract, are either deemed satisfied or constitute unenforceable anti-assignment provisions that are void and of no force and effect.

-12-

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

15. The Buyer has provided adequate assurance of its future performance under the relevant Assigned Contracts within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B) of the Bankruptcy Code. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors, and assignment to the Buyer of the Assigned Contracts have been satisfied.

16. Upon the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, (i) the Buyer shall be fully and irrevocably vested with all right, title and interest of the Debtors under the Assigned Contracts; and (ii) the Debtors shall be relieved from any liability for any breach of such Assigned Contracts occurring thereafter pursuant to section 365(k) of the Bankruptcy Code.

17. To the extent any governmental license or permit is necessary for the operation of the business is determined not to be an executory contract assumable and assignable under section 365 of the Bankruptcy Code, Buyer shall apply for and obtain any necessary license or permit promptly after the Closing and to the extent permitted by law such licenses or permits of the Debtors shall remain in place for the Buyer's benefit until new licenses and permits are obtained. Debtors shall have no liability under such licenses or permits after Closing.

18. Notwithstanding anything herein to the contrary and subject to the Agreement, Buyer may remove any Contract from the list of Assigned Contracts (and thereby exclude such Contract from the definition of Assigned Contracts) by providing written notice to the Debtors and the counter-parties to such contract(s) at least three (3) Business Days prior to the Closing.

19. **Cure**. The Buyer shall pay all Cure Amounts relative to the contracts to be assigned on the Closing Date in accordance with the terms of the Agreement, and the Seller shall not have any obligation to pay, or any liability for, any such Cure Amounts. Cure Costs payable under the Assigned Contracts shall be paid as promptly as possible after closing, but in no event

-13-

later than 20 Business Days after the Closing Date. The payment of the applicable Cure Amounts (if any) shall (a) effect a cure of all defaults existing thereunder as of the Closing Date, (b) compensate for any actual pecuniary loss to such non-Debtors party resulting from such default, and (c) together with the assumption of the Assigned Contracts by the Debtors, constitute adequate assurance of future performance thereof. Except as set forth in paragraph 12, the non-Debtor party or parties to each Assigned Contract which is to be assigned on the Closing Date are forever barred from asserting against the Debtors, the Buyer, any of its affiliates or any of the Assets: (i) any fee, default, breach, claim or pecuniary loss arising under or related to the Assigned Contract existing as of the Closing Date or arising by reason of the Closing, and (ii) any objection to the assumption and assignment of such non-Debtor party's Assigned Contracts.

20. **Binding Effect of Order**. This Order shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Assets.

21. **Binding on Successors**. The terms and provisions of the Agreement and this Order shall be binding in all respects upon the Debtors, their estates, all creditors of (whether known or unknown) and holders of equity interests in, the Debtors, Buyer and their respective affiliates, successors and assigns, and any affected third parties, including, but not limited to, all persons asserting Interests in the Assets and all non-Debtor counterparties to the Assigned Contracts, notwithstanding any subsequent appointment of any trustee of the Debtors under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall

-14-

*PHX 331238546v1*

be binding. This Order and the Agreement shall inure to the benefit of the Debtors, their estates, their creditors, the Buyer, and their respective successors and assigns.

22. **Bankruptcy Code Section 363(n)**. The consideration provided by Buyer for the Assets under the Agreement is fair and reasonable and may not be avoided under Bankruptcy Code section 363(n).

23. **Good Faith**. The transactions contemplated by the Agreement are undertaken by Buyer without collusion and in good faith, as that term is used in Bankruptcy Code section 363(m) and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Transaction shall not affect the validity of the Transaction (including the assumption and assignment of the Assigned Contracts) with Buyer, unless such authorization is duly stayed pending such appeal. Buyer is a good faith purchaser of the Assets, and is entitled to all of the benefits and protections afforded by Bankruptcy Code section 363(m).

24. **Fair Consideration**. The consideration provided by the Buyer to the Debtors pursuant to the Agreement for its purchase of the Assets constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, and the Uniform Fraudulent Conveyance Act.

25. **Surrender of Possession**. The Debtors shall exercise commercially reasonable efforts to assure that all entities that are presently, or on the Closing Date may be, in possession of some or all of the Assets in which the Debtors hold an interest will surrender possession of the Assets either to (i) the Debtors before the Closing Date, or (ii) to Buyer on the Closing Date.

26. **Retention of Jurisdiction**. This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection

-15-

*PHX 331238546v1*

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

therewith, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Assets to Buyer; (b) compel delivery of the cash component of the Purchase Price or performance of other obligations owed to the Debtors; (c) interpret, implement and enforce the provisions of this Order and the Agreement; (d) to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Transaction; and (e) protect Buyer against any Interests in the Debtors or the Assets of any kind or nature whatsoever, attaching to the proceeds of the Transaction.

27. **Sale Proceeds.** Any and all valid and perfected Interests in Assets of the Debtors shall attach to any cash proceeds of such assets immediately upon receipt of such proceeds by the Debtors (or any party acting on the Debtors' behalf) in the order of priority, and with the same validity, force and effect which they now have against such assets, if any, subject to any rights, claims and defenses the Debtors or their estates, as applicable, may possess with respect thereto, and, in addition to any limitations on the use of such cash proceeds pursuant to any provision of this Order.

28. **Non-material Modifications**. The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

29. **Subsequent Plan Provisions**. Nothing contained in any chapter 11 plan confirmed in the Debtors' cases or any order confirming any such plan or in any other order in these chapter 11 cases (including any order entered after any conversion of any of these cases to a case under chapter 7 of the Bankruptcy Code) shall alter, conflict with, or derogate from, the provisions of the Agreement or this Order.

30. **Failure to Specify Provisions**. The failure specifically to include any particular provisions of the Agreement in this Order shall not diminish or impair the effectiveness

-16-

of such provisions, it being the intent of the Court that the Agreement be authorized and approved in its entirety; *provided*, *however*, that this Order shall govern if there is any inconsistency between the Agreement (including all ancillary documents executed in connection therewith) and this Order. Likewise, all of the provisions of this Order are nonseverable and mutually dependent.

31. **No Stay of Order**. Notwithstanding the provisions of Bankruptcy Rule 6004(h) and Bankruptcy Rule 6006(d), this Order shall not be stayed for fourteen days after the entry hereof, but shall be effective and enforceable immediately upon issuance hereof. Time is of the essence in closing the transactions referenced herein, and the Debtors and Buyer intend to close the Transaction as soon as practicable. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

32. **Cooperation with Administration of the Estate**. The tax accountants of the Debtors will have reasonable access, on a confidential basis, to copies of the books and records constituting Assets that are required to enable such tax accountants to prepare Tax filings or reports regarding Sellers' ownership of the Assets prior to the Closing or the conduct of the Business prior to the Closing. The Buyer and any Transferred Employees shall cooperate with all reasonable requests of the Debtors and provide any information or documentation reasonably necessary to enable the Debtors to administer their estates and to reconcile claims. Except for the foregoing, Buyer shall not be liable for any costs, fees and/or expenses associated with the administration of the Debtors' estates and/or reconciliation of claims, including, but not limited to, (i) any administrative fees and expenses, including, without limitation, allowed administrative expenses under section 503(b) of the Bankruptcy Code; (ii) any transaction costs, fees and expenses in connection with the Debtors' obligations under the Agreement or this Order; and (iii) any rejection damages claimed in the Debtors' chapter 11 cases.

-17-

*PHX 331238546v1*

Case 2:14-bk-03518-MCW   Doc 267-2   Filed 09/30/14   Entered 09/30/14 12:51:54
Desc Exhibit B   Page 18 of 20

33. **Confidentiality Agreements.** The Debtors are authorized to enforce their rights under any confidentiality agreements they entered into with other potential bidders with respect to the Assets for the benefit of the Buyer for the term of each respective confidentiality agreement. All rights of the Debtors under each non-disclosure agreement executed by any entity prior to the date of entry of this Order are property of the Debtors' estates that may and shall be transferred to the Buyer at Closing, as Assets, pursuant to Section 363(b) and (f) and free and clear of all Interests. Nothing in this paragraph shall be deemed to constitute a finding that any such non-disclosure agreement is an Assigned Contract (unless expressly identified as such in the Agreement) or that the Buyer will assume at Closing any obligations to the non-Debtor party to any such non-disclosure agreement.

34. **Further Assurances**. From time to time, as and when requested by any party, each party shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the transactions contemplated by the Agreement including, such actions as may be necessary to vest, perfect or confirm, of record or otherwise, in Buyer its right, title and interest in and to the Assets, including, without limitation, any Seller Intellectual Property Assets.

35. **Consummation of Transactions; Injunction.** Upon entry of this Order, no further corporate action of the Debtors or approval of any Debtor's equity security holders shall be required to authorize the Debtors to consummate the transactions contemplated by the Agreement. Except as expressly permitted by this Order, all holders of claims against or equity interests in the Debtors shall be and hereby are forever barred, estopped and enjoined from commencing, prosecuting or continuing in any manner any action or other proceeding of any kind against the Debtors' employees, officers, directors, advisors or attorneys on account of or related to the Agreement or the transactions contemplated thereby. Nothing herein shall prevent any

-18-

administrative agencies, governmental, tax and regulatory authorities, secretaries of state, federal, state and local officials from properly exercising their police and regulatory powers.

SIGNED AND DATED ABOVE.

-19-

*PHX 331238546v1*