| | |
|---|---|
| 1 | GORDON SILVER |
| | THOMAS J. SALERNO, ESQ. |
| 2 | Arizona Bar No. 007492 |
| | E-mail: tsalerno@gordonsilver.com |
| 3 | ANTHONY P. CALI, ESQ. |
| | Arizona Bar No. 028261 |
| 4 | E-mail: acali@gordonsilver.com |
| | One East Washington, Suite 400 |
| 5 | Phoenix, Arizona 85004 |
| | Telephone (602) 256-0400 |
| 6 | Facsimile (602) 256-0345 |
| | *Attorneys for Mountaineer Holdings, LLC* |

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | Case No.: 2:14-bk-03518 (MCW) |
| | (Jointly Administered) |
| PRIME TIME INTERNATIONAL | |
| COMPANY, an Arizona corporation, *et al.*, | Chapter 11 |
| | **STATEMENT OF POSITION RE: SALES PROCEDURE** |
| Debtors. | |
| _____ | Hearing Date: October 20, 2014 |
| This Filing Applies to: | Hearing Time: 3:00 p.m. |
| ☒ All Debtors | |
| ☐ Specified Debtors | |

Mountaineer Holdings, LLC, a North Carolina corporation ("Mountaineer") by and through its counsel, hereby submits this Objection to the *Debtors' Motion for Entry of Orders: (A)(I) Approving Bid Procedures Relating to Sale of the Debtors' Assets; (II) Approving Bid Protections; (III) Scheduling a Hearing to Consider the Sale; (IV) Approving the Form and Manner of Notice of Sale by Auction; (V) Establishing Procedures for Noticing and Determining Cure Amounts; and (VI) Granting Related Relief; and (B)(I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of Debtors Outside the Ordinary Course of Business: (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests: (III) Authorizing the Assumption, Sale and Assignment of Certain*

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, Arizona 85004
(602) 256-0400

104933-001/5068232

Case 2:14-bk-03518-MCW   Doc 293   Filed 10/20/14   Entered 10/20/14 13:59:10   Desc
Main Document   Page 1 of 4

*Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* [Dkt. No. 267] (the "Sale Motion") filed by Prime Time International Company, an Arizona corporation, *et al.* (the "Debtors") on September 30, 2014.

Mountaineer has an interest in potentially purchasing some or all of the Debtors' assets or equity. To that end, Mountaineer has attempted to engage in the due diligence process referenced in the Sale Motion. *See* Sale Motion, pp. 5–6. As a requirement of the sale process, on July 9, 2014, Mountaineer entered into a confidentiality agreement with Debtors (the "Confidentiality Agreement"). A true and correct copy of the Confidentiality Agreement is attached hereto as "Exhibit A". Mountaineer takes seriously the confidentiality and non-disclosure requirements of the Confidentiality Agreement and will continue to honor any obligations that it imposes. Mountaineer is compelled to file this Statement of Position because, despite undertaking the obligations imposed by the Confidentiality Agreement, the Debtors have not been forthcoming in providing information that is critical to Mountaineer's ability to make a well-informed bid for the Debtors' assets.

As noted in the Debtors' Sale Motion, in determining whether to approve a sale under Bankruptcy Code § 363, a court generally considers, among other things, whether the sale will produce a fair and reasonable price for the property and whether the parties have acted in good faith.[1] The goal in proposing a sale of property of the estate is to "obtain the highest price or greatest overall benefit possible for the estate."[2] Mountaineer understands the Debtors' desire to be cautious with the disclosure certain sensitive information. An open and fair sale process, however, cannot occur if the Debtors do not provide Qualified Bidders with information that is critical in determining whether, or how much, to bid.[3] Serious information asymmetries between the Debtors and potential purchasers will only discourage bidding and will not serve the end goal of maximizing the value of the Debtors' estate.

---

[1] *See In re Delaware & Hudson Ry.*, 124 B.R. 169, 176 (D. Del. 1991).

[2] *In re Integrated Res., Inc.*, 147 B.R. 650, 659 (Bankr. S.D.N.Y. 1992) (citing *In re Atlanta Packaging Prods., Inc.*, 99 B.R. 124, 130 (Bankr. N.D. Ga. 1988)).

[3] All capitalized terms not otherwise defined herein shall have the same meaning as ascribed to them in the Sale Motion.

Gordon Silver
Attorneys At Law
One East Washington
Suite 400
Phoenix, Arizona 85007
(602) 256-0400

104933-001/5068232

In an attempt to resolve any outstanding issues, Mountaineer's representatives have been engaged in communications with Debtors' representatives. On October 17, 2014, Mountaineer sent an email to Debtors' financial advisor requesting items Mountaineer deems necessary in order to make a well-informed bid on the Debtors' assets. On October 18, 2014, Mountaineer sent another email to Debtors' representatives requesting additional information. A follow-up call occurred this morning to attempt to obtain this information in a constructive manner. Mountaineer is not seeking to be disruptive in this process—rather, it is seeking information to be a potential bidder. As of the time of this filing, Mountaineer has not received much of the information it has requested. Specifically, Debtors have refused to provide, among other things, product and customer level information. The requested items, as well as any additional reasonable requests necessary for an interested party to make an informed bid, shall be hereinafter referred to as the "Requested Information".

The Debtors' reluctance to provide the Requested Information impedes Mountaineer's ability to evaluate the current APA and, in turn, to determine whether to bid and how much to bid. In order to make an informed bid, Mountaineer requires more information that what the Debtors have currently provided. Mountaineer does not believe that asking for the Requested Information is unreasonable. An open and fair bidding process would require the Debtors to disclose more detailed financial information than what they currently have provided to Mountaineer and, presumably, other Qualified Bidders. Without such disclosure, the Debtors cannot achieve the end goal of establishing an open and fair bidding process that maximizes the price paid for the Debtors' assets. To the extent that Debtors have concerns regarding the sensitivity of disclosed information, such fears should be allayed by the binding obligations imposed by the Confidentiality Agreement.

3

**Gordon Silver**
Attorneys At Law
One East Washington
Suite 400
Phoenix, Arizona 85007
(602) 256-0400

104933-001/5068232

Case 2:14-bk-03518-MCW    Doc 293    Filed 10/20/14    Entered 10/20/14 13:59:10    Desc
Main Document    Page 3 of 4

WHEREFORE, Mountaineer respectfully requests that the Court enter an order:

1. Directing the Debtors to provide Mountaineer with the Requested Information; and

2. Granting any such further relief to which Mountaineer is entitled at law or in equity.

DATED this 20th day of October, 2014.

GORDON SILVER

By: */s/ Anthony P. Cali*
THOMAS SALERNO, ESQ.
ANTHONY P. CALI, ESQ.
One East Washington, Suite 400
Phoenix, Arizona 85004
*Attorneys for Mountaineer Holdings, LLC*

**Gordon Silver**
Attorneys At Law
One East Washington
Suite 400
Phoenix, Arizona 85007
(602) 256-0400

104933-001/5068232

4

Case 2:14-bk-03518-MCW    Doc 293    Filed 10/20/14    Entered 10/20/14 13:59:10    Desc
Main Document    Page 4 of 4