GREENBERG TRAURIG, LLP
David D. Cleary, AZ SBN 011826
clearyd@gtlaw.com
2375 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: 602-445-8000
Facsimile: 602-445-8100

*Attorney for Debtors and Debtors-in-Possession*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>Prime Time International Company, an Arizona corporation, *et al.*,<br><br>    Debtors and Debtors-in-Possession.<br><br>This filing applies to:<br>☒ All Debtors<br>☐ Specified Debtors | Case No. 2:14-bk-03518 (MCW)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**DEBTORS' THIRD MOTION FOR AN ORDER EXTENDING EXCLUSIVE PERIODS DURING WHICH DEBTORS MAY FILE AND SOLICIT ACCEPTANCES OF A PLAN OF REORGANIZATION**<br><br><u>Hearing Date</u>: Not Yet Set<br><u>Hearing Time</u>: Not Yet Set |

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**" or the "**Company**") hereby move this Court (the "**Motion**") for the entry of an order (the "**Order**"), in substantially the form attached hereto as <u>Exhibit A</u>, pursuant to section 1121(d) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), extending (i) the period within which only the Debtors may file a plan of reorganization as set forth in section 1121(b)(2) of the Bankruptcy Code (the "**Exclusive Filing Period**") through and including March 16, 2015, and (ii) extending the period within which only the Debtors may solicit acceptances of a plan of reorganization as set forth in section 1121(c)(3) of the Bankruptcy Code (the "**Exclusive Solicitation Period**" and, together with the Exclusive Filing Period, the

"**Exclusive Periods**"), through and including May 18, 2015. In support of this Motion, the Debtors submit the Declaration of John T. Wertheim (the "**Wertheim Declaration**"), which is being filed concurrently herewith. In further support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction

1. The United States Bankruptcy Court for the District of Arizona (the "**Court"**) has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105 and 1121(d) of the Bankruptcy Code.

## Background

**A.    Status of the Case and Summary of Actions Taken in the Case.**

3. On March 15, 2014 (the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court (collectively, the "**Chapter 11 Cases**"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. Since shortly after the Petition Date, the Debtors have engaged their professionals to begin developing the framework of a plan of reorganization, including a market exploration process which will serve as a foundation for its exit strategy. The Debtors and their professionals have involved and informed its secured lender of the steps undertaken to develop the market exploration process and continue to work with them.

5. Currently, the Exclusive Filing Period under section 1121(c)(2) is set to expire on December 15, 2014. The Exclusive Solicitation Period under section 1121(c)(3) during which only the Debtors' Plan may be considered for acceptance or rejection is set to expire on February

*PHX 331328689v1*

-2-

16, 2015. On November 13, 2014, the Court authorized the sale of substantially all of the Debtors' assets. Pursuant to the approved APA, the Buyer requires closing to occur on or before March 15, 2015. In order to allow the Debtor to proceed toward closing and then wind-up its Chapter 11 cases, the Debtors request that the Exclusivity Periods be extended.

### B. Debtors' Market Exploration Process

6. Beginning in March, 2014, the Debtors embarked on a comprehensive restructuring effort, including exploring various strategic alternatives, such as a transaction involving a sale of all of the Debtors' assets or equity investment in the Debtors. The Debtors, together with their advisors, in connection with these restructuring efforts, initiated a sale process, which included actively marketing their assets in an effort to maximize value for all of their constituents. The Debtors completed the solicitation process and requested offers to be submitted on or around September 2, 2014. After receiving the offers, the Debtors evaluated and negotiated terms of the offers, attempting to achieve the best terms and conditions for the estate.

7. At the end of that process, the Debtors and Prime Time International Acquisition LLC (the "Stalking Horse") engaged in extensive negotiations around a transaction whereby the Stalking Horse would acquire the Debtors' assets subject to higher and/or better bids. The negotiations resulted in a proposed Stalking Horse bid. On October 20, 2014 (the "Bid Procedure Hearing"), the Court approved the Stalking Horse bid protections and set dates for an auction and sale hearing to be held and conducted on November 10, 2014 [Docket No. 295].

8. Subsequent to the Bid Procedure hearing, the Debtors continued to market their Assets and qualify bidders for an auction. The Debtors qualified two bidders, the Stalking Horse and one competing bidder. Each bid contained a component to provide DIP financing to the Debtors by December 15, 2014 pursuant to identical term sheets attached to their submitted bids (the "DIP Financing"). The Sale Order approved the APA submitted by the Stalking Horse (the

-3-

*PHX 331328689v1*

"Buyer"), including the terms of the proposed DIP Financing [Docket No. 315]. The approved APA requires closing to occur on or before March 15, 2015.

**Relief Requested**

9. By this Motion, the Debtors respectfully request, pursuant to section 1121(d) of the Bankruptcy Code, that this Court extend the Exclusive Filing Period through and including March 16, 2015, and the Exclusive Solicitation Period through and including May 18, 2015. This is the Debtors' third request for an extension of the Exclusive Periods and the request is made without prejudice to the Debtors' right to seek further extensions of exclusivity.

**Basis For Relief**

**A. The Exclusive Periods May Be Extended for Cause.**

10. The principal goal of chapter 11 is the successful rehabilitation of a debtor's business. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 527 (1984); *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 203 (1983).

11. Toward this end, and pursuant to section 1121(b) of the Bankruptcy Code, a debtor has the exclusive right to file a plan of reorganization for a period of one hundred twenty (120) days after the petition date. 11 U.S.C. § 1121(b). If a debtor files a plan within the one hundred twenty (120) day exclusivity period, Bankruptcy Code section 1121(c)(3) provides sixty (60) additional days during which the debtor has the exclusive right to solicit votes with respect to such plan. 11 U.S.C. §1121(c)(3). The purpose of these exclusive periods is to permit debtors time to stabilize their operations, formulate a reorganization plan and negotiate with creditors based on the theory that the debtors are in the best position, given their knowledge of the business and the creditor base, to propose a workable exit plan. *See* H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 231-32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6190-92; *see also In re Clamp-All Corp.* 233 B.R. 198, 207 (Bankr. D. Mass. 1999).

12. Under section 1121(d) of Bankruptcy Code, the Court may extend these exclusive periods for "cause." Specifically, section 1121(d) of the Bankruptcy Code provides:

> (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.
>
> (2) (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
>
> (B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. §1121(d). The decision of whether to grant a request to extend the exclusivity periods lies within the sound discretion of the bankruptcy court. *See First Am. Bank of New York v. Sw. Gloves & Safety Equip., Inc.,* 64 B.R. 963, 965 (D. Del. 1986); *Continental Casualty Co. v. Burns & Roe Enters. (In re Burns & Roe Enters.)*, 2005 U.S. Dist. LEXIS 26247 at *10-11 (D.N.J. Nov. 2, 2005); *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996); H.R. Rep. No. 95-595, at 231, 232 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6191 ("[t]he court is given the power, though, to increase or reduce the 120-day period depending on the circumstances of the case"). The Bankruptcy Code does not define "cause" or establish criteria to be considered in ruling on a motion to extend exclusivity.

13. Whether "cause" exists in any situation is determined on a case-by-case basis, and the pertinent factors, depends largely upon the factual nature of the case before the court. Here, the analysis is relatively straightforward. The Court has approved the sale and substantially all of the Debtors' assets. The Debtors believe the sale will close prior to the required deadline of March 15, 2015. However, in order to exercise their duty to all creditors and maintain capitalized, the Debtors must request that it maintain exclusivity until the closing and allow them to formulate the mechanics of closing the estate. However, the following factors have been

-5-

considered by courts in determining whether cause exists to grant an extension of the exclusivity periods and the Debtors believe an extension is justified:

(i) the size and complexity of the debtor's case;

(ii) the necessity of sufficient time to negotiate and prepare adequate information;

(iii) the existence of good faith progress toward reorganization;

(iv) whether the debtor is paying its bills as they come due;

(v) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(vi) whether the debtor has made progress negotiating with creditors;

(vii) the length of time a case has been pending;

(viii) whether the debtor is seeking to extend exclusivity to pressure creditors to submit to the debtors' reorganization demands; and

(ix) the existence of an unresolved contingency (e.g., ongoing negotiations that will not conclude within the exclusive periods, but where the subject matter of the negotiations is vital to reorganization and, if successful, the negotiations would likely enable the debtor to file a successful plan of reorganization).

*In re Dow Corning Corp.,* 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); *see Official Comm. of Unsecured Creditors v. Henry Mayo Newhall Mem'l Hosp. (In re Henry Mayo Neuhall Mem'l Hosp.),* 282 B.R. 444, 452 (B.A.P. 9th Cir. 2007) (noting how the *Dow Corning* factors "are standardly considered" in the "cause" analysis); *In re Cent. Jersey Airport Servs.,* 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *In re Adelphia Communications Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *In re R.G. Pharm, Inc.,* 374 B.R. 484 (D. Conn. 2007); *see also Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.),* 292 B.R. 639, 643-44 (B.A.P. 8th Cir. 2003) ("As always, we emphasize that these are only factors, not all of which are relevant in every case . . . [i]t is within the discretion of the bankruptcy court to decide which factors are relevant and

-6-

PHX 331328689v1

give the appropriate weight to each"). A debtor is not required to satisfy all nine factors, as not all of them are relevant to every case. Many courts have relied upon only a few of the above factors to determine whether cause exists. *See, e.g., In re Henry Mayo Newhall Mem'l Hosp.,* 282 B.R. at 453 (identifying "a transcendent consideration" to be "whether adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable resolution"); *In re Hoffinger Indus.,* 292 B.R. 639, 644 (8th Cir. 2003) (using four of the above factors to affirm the bankruptcy court's extension of the exclusivity period); *In re McLean Indus., Inc.,* 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying five factors used by courts to determine whether cause exists to extend exclusivity). Each of the foregoing factors that are relevant to these Chapter 11 Cases weighs in favor of the relief requested. As discussed below, the requested extension of the Exclusive Periods will not prejudice the legitimate interests of any creditor, and will allow the Debtors to complete the sale approved by the Court, while maintain exclusivity until such closing.

**B.      Cause Exists to Extend the Exclusive Periods.**

   *i.     The Chapter 11 Cases, Including the Completion of Closing the Approved Sale, Are Complex*

14.     The complexity of the Chapter 11 Cases unavoidably affects the progress of the Debtors' reorganization efforts and justifies an extension of the Exclusive Periods. *See In re Express One Int'l,* 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) ("The traditional ground for cause is the large size of the debtor and the concomitant difficulty in formulating a plan of reorganization"); *In re Texaco, Inc.* 76 B.R. 322, 326 (Bank. S.D.N.Y. 1987) ("[t]he large size of a debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods"). In large and complex chapter 11 cases, bankruptcy courts routinely extend exclusivity for substantial periods of time in order to afford the debtor a meaningful opportunity to reorganize. *See In re Nortel Networks Inc., et al.*, Case No. 09-10138 (KG)(Bankr. D.Del. Sept. 16, 2009) (granting extension of exclusivity periods by an additional

-7-

*PHX 331328689v1*

144 days); *In re AbitibiBowarter Inc.*, Case No. 09-11296 (KJC) (Bankr. D.Del. Aug. 3, 2009) (granting extension of exclusivity periods by additional 120 days); *In re Aleris Int'l Inc.*, Case No. 09-10478 (BLS) Bankr. D.Del. May 19, 2009) (granting extension of exclusivity periods by additional 180 days).

15. While not a massive enterprise, the Debtors' business is complex because of the Debtors' pre-petition capital structure and regulatory issues relating to its manufacture and distribution of product. Since early in these Cases, the Debtors outlined its process. The Debtors are in the middle of its process. They have obtained approval of a sale of their assets as a going concern and are proceeding to closing, with the transfer of licenses the primary timing issue. Continuation and conclusion of that sale process with the continued stable environment of exclusivity is essential to maximizing value for all of the Debtors' constituents.

### ii. *The Debtors Must Have Time to Complete Their Market Exploration Process and Close the Approved Sale*

16. Since the Petition Date, approximately eight months ago, the Debtors have focused their efforts on stabilizing the operations of the Debtors' operations, expenses, and developing a business plan to support a market exploration process. Allowing the Exclusive Periods to terminate before the market exploration process concludes with a completed sale would defeat the purpose of §1121 of the Bankruptcy Code. The Debtors intend to use this opportunity to continue with and close the approved sale of their businesses as going concerns.

### iii. *The Debtors' Progress in the Chapter 11 Cases Warrants an Extension of the Exclusive Periods*

17. Since the Petition Date, the Debtors, their management team, and their professionals have worked diligently to stabilize operations and maximize enterprise value. Thus, the Debtors are not seeking an extension of the Exclusive Periods to delay administration of their Chapter 11 Cases or to exert pressure on their creditors. *See In re Adelphia*, 342 B.R. 122, 131 (Bankr. S.D.N.Y. 2006) (considering a variety of factors but focusing on whether "debtors had

*PHX 331328689v1*

1 made a good faith progress towards reorganization and whether the extension of exclusivity was sought to pressure creditors to submit to debtor's reorganization demands."). To the contrary, the Debtors seek the relief requested in this Motion to maintain a framework conducive to an orderly, efficient and cost-effective closing of the sale and exit from chapter 11. The Debtors have made a great deal of progress in these Chapter 11 Cases. *See In re Public Serv. Co. of N.H.,* 88 B.R. 521, 534 (Bankr. D.N.H. 1988) (delay is justified when attempting to realize the maximum value of the debtors' estate). Since their initial request for an extension, the Debtors have embarked on the market exploration process, conducted a successful sale and are working toward closing in the first quarter of 2015.

### *iv. The Debtors Are Paying Their Vendors as They Become Due*

18. Courts considering an extension of exclusivity may also assess a debtor's liquidity and solvency. During pre-petition normal operations, the Debtors paid their vendors on a timely basis. That conduct continues during these Chapter 11 Cases. *See In re Ravenna Indus., Inc.*, 20 B.R. 886, 890 (Bankr. N.D. Ohio 1982); *Continental Casualty Co. v. Burns & Roe Enters. (In re Burns & Roe Enters.)*, 2005 U.S. Dist. LEXIS 26247, *2 (D.N.J. Nov. 3, 2005). The Debtors are paying their vendors as they come due and have a proposal to lower finance cost by paying off their pre-petition lender. The Debtors have sufficient liquidity to continue paying bills that became due during the requested Exclusive Periods. Consequently, this factor weighs in favor of the relief requested herein.

### *v. The Debtors Have Demonstrated Reasonable Prospects, Successfully Completing The Approved Sale, And Are Not Seeking An Extension To Pressure Creditors.*

19. Courts have denied extensions of exclusive periods when plan negotiations among parties-in-interest have broken down and the continuation of exclusivity would merely give the debtor unfair bargaining leverage over the other parties-in-interest. *See Teachers Ins. & Annuity Ass'n of Am. v. Lake in the Woods (In re Lake in the Woods)*, 10 B.R. 338, 345 (E.D. Mich.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

1981); *Continental Casualty Co.*, 2005 U.S. Dist. LEXIS 26247, *12. Here, the Debtors' request for an extension of the Exclusive Periods is not a negotiation tactic. To the contrary, the Debtors continue to maintain the value of the Debtors' operations, while working toward closing the sale transaction and maintaining a going-concern business providing services to its customers and opportunities for its vendors.

### *vi.* *These Cases Have Been Pending for Less Than Nine Months*

20. Less than nine months has elapsed since the Debtors filed for Chapter 11 protection, a fact that is favorable to the Debtors' request for an extension of the Exclusive Periods. *See In re McLean Indus., Inc.*, 87 B.R. 830, 835 (Bankr. S.D.N.Y. 1987) (granting an extension where the case was on file for less than one year).

21. Therefore, the Debtors submit that for the reasons set forth above the requested extension of the Exclusive Periods is justified.

### **Notice**

22. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) counsel to the secured lender; (c) creditors holding the twenty (20) largest unsecured claims as set forth in the consolidated list filed with the Debtors' petitions; (d) the Office of the United States Attorney General for the District of Arizona; and (e) the Internal Revenue Service. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtors respectfully request the entry of an Order, substantially in the form submitted herewith, extending the Exclusive Filing Period through and including March 16, 2015, and the Exclusive Solicitation Period through and including May 18, 2015 (or such other similar dates as this Court deems just), and such other and further relief as may be just and proper.

-10-

*PHX 331328689v1*

Dated: November 25, 2014

GREENBERG TRAURIG, LLP

*/s/ David D. Cleary*
David D. Cleary, AZ SBN 011826
2375 East Camelback Road
Suite 700
Phoenix, AZ 85016
Telephone: 602-445-8000
Facsimile: 602-445-8100
Email: clearyd@gtlaw.com

*Attorney for the Debtors and Debtors-in-Possession*

PHX 331328689v1